# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO.  08-3432** |
| **STEVE RADER, WARDEN** | **SECTION "A"(2)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Johnny Porter, is incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]  On January 11, 2001, Porter was charged by bill of information in Orleans Parish with the theft of goods valued over $100.[3]  The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as follows:

> The facts of this case are not at issue.  At trial the state's two witnesses were Macy's Department Store security officer, Marc Zeno, and a police officer, Jerry Warner.  They testified regarding their involvement in Mr. Porter's arrest on December 27, 2001 for shoplifting two boxes of silverware having a total value of $260 from the house wares department. Mr. Zeno testified that he personally observed Mr. Porter conceal the silverware in a clear plastic bag and then exit the store without paying for it. Mr. Zeno also testified that because of Mr. Zeno's height, he recognized Mr. Porter as the individual that he had apprehended a few weeks earlier for shoplifting in the store.
> Against the advice of counsel, Mr. Porter testified in his own behalf at trial.  He claimed to be innocent of the offense.  He based his defense on the fact that the security officer was unable to produce a surveillance camera videotape of him committing the alleged offense.  Mr. Porter admitted being arrested awhile back at Macy's for shoplifting.  Indeed, he testified that he was aware of how Macy's video surveillance camera operated because on that prior occasion he was shown how he was caught on tape shoplifting.  Mr. Porter also admitted that he had three prior felony convictions.

State v. Porter, 838 So.2d 945 (La. App. 4th Cir. 2003) (Table); State Record Volume 2 of 4, Louisiana Fourth Circuit Opinion, 2002-KA-2060, February 5, 2003.

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 1/11/01.

After waiver of his rights, Porter proceeded to trial before the state trial court without a jury on February 15 and 19, 2001.[4]  The court found him guilty as charged.[5]  Porter later filed a pro se motion seeking a new trial, which was denied by the state trial court on July 23, 2001.[6]

After several other unsuccessful efforts by Porter to seek premature review in the appellate court, the state trial court sentenced Porter on May 7, 2002, to serve 20 months in prison.[7]  At the same hearing, the court considered the multiple bill filed by the State and re-sentenced Porter as a fourth offender to serve 25 years in prison without benefit of parole, probation or suspension of sentence.[8]  The court also denied numerous post-trial motions filed by Porter's counsel.[9]

Counsel also filed a motion for an appeal in the state trial court on May 7, 2002, and the court appointed counsel to represent Porter on appeal.  On May 15, 2007, the

---

[4]St. Rec. Vol. 1 of 4, Trial Minutes, 2/19/01; Trial Transcript, 2/15/01; Trial Transcript, 2/19/01.

[5]Id.

[6]St. Rec. Vol. 1 of 4, Motion for New Trial, 7/24/01; Minute Entry, 7/23/01.

[7]St. Rec. Vol. 1 of 4, Multiple Bill Hearing, 5/7/02; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, 5/7/02.  See also, St. Rec. Vol. 3 of 4, 4th Cir. Writ Application, 2001-K-0821, 5/3/01; 4th Cir. Order, 2001-K-0821, 7/9/01; 4th Cir. Writ Application, 2001-K-1402, 7/24/01; 4th Cir. Order, 2001-K-1402, 9/5/01; 4th Cir. Writ Application, 2001-K-1771, 9/21/01; 4th Cir. Order, 2001-K-1771, 11/15/01.

[8]St. Rec. Vol. 1 of 4, Multiple Bill Hearing, 5/7/02; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, 5/7/02.

[9]Id.; St. Rec. Vol. 1 of 4, Motion for New Trial, 5/7/02; Motion to Reconsider Sentence, set for hearing on 5/7/02; Motion to Reconsider Sentence, filed 5/7/02; Motion to Quash Bill of Information (denied 6/7/02); Motion for Post Verdict Judgment of Acquittal, 5/7/02.

Louisiana Fourth Circuit granted a writ application filed by Porter pro se and ordered the trial court to set a return date for the appeal granted on May 7, 2002.[10]

On appeal, Porter alleged that the multiple offender sentence was unconstitutionally excessive.[11]   The Louisiana Fourth Circuit found the claim to be without merit and affirmed the conviction and sentence on February 5, 2003.[12]

The Louisiana Supreme Court denied Porter's subsequent and timely[13] writ application without reasons on October 31, 2003.[14]  His conviction became final 90 days later, on January 29, 2004, when he did not file a petition for writ of certiorari in the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

---

[10]St. Rec. Vol. 1 of 4, 4th Cir. Order, 2002-K-0963, 6/21/02; St. Rec. Vol. 2 of 4, 4th Cir. Writ Application, 2002-K-0963, 5/15/02.

[11]St. Rec. Vol. 2 of 4, Appeal Brief, 2002-KA-2060, 11/4/02.

[12]State v. Porter, 838 So.2d at 945; St. Rec. Vol. 2 of 4, 4th Cir. Opinion, 2002-KA-2060, 2/5/03.

[13]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 03-KO-843, 3/25/03 (signed 2/28/03, postal meter date 3/6/03).  Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a writ application in the Louisiana Supreme Court.  The thirtieth day was Friday, March 7, 2003.  His writ application was signed by him on February 28, 2003, and postmarked Thursday, March 6, 2003.  This was within the 30-day time period allowed by Louisiana law.

[14]State v. Porter, 857 So.2d 473 (La. 2003); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2003-KO-0843, 10/31/03.

More than one year later, on March 24, 2005, Porter submitted an application for post-conviction relief, which was mailed to the state trial court on March 30, 2005.[15] Porter alleged that his counsel gave ineffective assistance when he failed to impeach the testimony of a key witness at trial. While the record does not contain a copy of the state trial court's ruling, Porter indicated in a later-filed writ application that the court rejected his application as untimely.[16]

The Louisiana Fourth Circuit also denied Porter's subsequent writ application finding that Porter was not entitled to copies of transcripts and that his application for post-conviction relief was not timely filed, citing La. Code Crim. P. 930.8.[17] The Louisiana Supreme Court also denied without reasons Porter's subsequent writ application to that court.[18]

---

[15]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, signed 3/24/05. The document does not bear a discernable filing date. However, Porter attached a mail receipt to a later-filed Louisiana Supreme Court writ application in which he argues that the pleading was mailed to Orleans Parish Criminal Court on March 30, 2005. St. Rec. Vol. 4 of 4, Mail Receipt, 3/30/05 (attached to La. S. Ct. Writ Application, 06-KH-2019, 8/16/06).

[16]St. Rec. Vol. 4 of 4, Reference to Trial Court Ruling, p. 3 of La. S. Ct. Writ Application, 06-KH-2019, 8/16/06.

[17]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2006-K-0902, 7/24/06. The record does not contain a copy of the writ application itself. At the time of his conviction, La. Code Crim. P. art. 930.8 provided a two-year period from finality for a defendant to file for post-conviction relief in the state courts.

[18]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 06-KH-2019, 8/16/06 (signed 8/3/06, postal meter date 8/7/06).

II.    FEDERAL HABEAS PETITION

On May 22, 2008, Porter filed a petition for federal habeas corpus relief in this court raising two grounds for relief:[19] (1) The sentence is unconstitutionally excessive. (2) The state courts erred in finding that his application for post-conviction relief was not timely filed under La. Code Crim. P. art. 930.8.

The State filed a response in opposition to the petition arguing that the petition should be dismissed as untimely under federal law.[20]

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

---

[19]Rec. Doc. No. 1.

[20]Rec. Doc. No. 9.

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to Porter's petition, which, for reasons discussed below, is deemed filed in this federal court on May 8, 2008.[22]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State has raised the defense that the petition is not timely filed.

IV.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[23]  Duncan v. Walker, 533 U.S. 167, 179-80

---

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Porter's petition was filed by the clerk of court on May 22, 2008.  Porter dated his signature on the petition on May 8, 2008.  Affording Porter every benefit, this is the earliest date on which he could have delivered the packet of pleadings to prison officials for mailing.

[23]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created

(2001).  Porter's conviction became final on January 29, 2004, because he did not seek review of his conviction in the United States Supreme Court.

Therefore, under a literal application of the statute, Porter had until January 29, 2005, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v.

---

> by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

8

Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Porter has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in court decisions.  See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea

11

is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Porter's conviction became final on January 29, 2004.  The one-year limitations period began to run on January 30, 2004, and did so, without interruption, for 365 days, until January 28, 2005, when it expired.[24]  Porter had <u>no</u> properly filed state post-conviction or other collateral review pending during that time.

In fact, the record contains <u>no</u> state court filings of any kind by Porter during that period of time.  The later filed application for post-conviction relief has no effect on the federal timeliness calculation.  <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

Porter's federal petition is deemed filed on May 8, 2008, which is more than three years after expiration of the AEDPA filing period.  Thus, his petition must be dismissed as time-barred.

---

[24]February of 2004 had 29 days.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Johnny Porter for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ____11th____ day of September, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

13